# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| RON PRUITT, | Case No. 4:19-cv-1455 |
| Petitioner, | Judge J. Philip Calabrese |
| v. | Magistrate Judge |
| WARDEN MARK WILLIAMS, | Kathleen B. Burke |
| Respondent. | |

## OPINION AND ORDER

Pursuant to a written plea agreement, Petitioner Ron Pruitt pled guilty in the Eastern District of Michigan on April 28, 2015 to drug and gun offenses. (ECF No. 1, PageID #1.)  On November 20, 2015, he was sentenced to a term of 188 months in prison.  (*Id.*, PageID #2.)  This sentence reflects a career offender enhancement to his advisory guideline range, which otherwise would have been between 87 and 108 months.  (ECF No. 10, PageID #24.)  That enhancement depended on a conviction in State court for an attempted drug offense.  (ECF No. 10-1.)  Mr. Pruitt filed an untimely notice of appeal, which the Sixth Circuit dismissed and petitioned for a writ of habeas corpus pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), which the district court denied on the ground that *Johnson* does not apply to the career offender guidelines.  (ECF No. 10, PageID #25.)

Mr. Pruitt, an inmate housed at FCI Elkton, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).  Through this petition, Petitioner challenges his career offender sentence based on *United States v. Havis*, 927 F.3d 382

(6th Cir. 2019) (en banc) (per curiam). In *Havis*, the Sixth Circuit held that the Sentencing Guidelines' definition of a "controlled substance offense" does not include attempt crimes. *Id.* at 387. Under *Havis*, Petitioner argues that his conviction in State court for the attempted drug offense does not meet the definition in the Sentencing Guidelines of a controlled substance offense and, without that predicate offense, a career offender enhancement is not appropriate. (ECF No. 10, PageID #27.) Through this petition, Petitioner seeks resentencing.

Generally, a federal prisoner may not use 28 U.S.C. § 2241 to challenge the enhancement of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Instead, Section 2255 provides the appropriate vehicle for such a challenge. *Id.* Under the savings clause of Section 2255(e), a federal prisoner may use Section 2241 where the remedy available under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).

In *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), the Sixth Circuit supplied what the parties agree is the proper framework to analyze the savings clause of Section 2255 to determine whether a federal prisoner may proceed Section 2241. (*See* ECF No. 10, PageID #27; ECF No. 12, PageID #37.) That framework "addresses only a narrow subset of § 2241 petitions." *Hill*, 836 F.3d at 599. To avail oneself of the narrow path *Hill* provides, the federal prisoner must have been sentenced under the mandatory Sentencing Guidelines regime that applied before *United States v. Booker*, 543 U.S. 220 (2005). *Hill*, 836 F.3d at 599–600. Additionally, the federal prisoner

must be foreclosed from filing a successive petition, and "a subsequent, retroactive change in statutory interpretation by the Supreme Court [must] reveal[] that a previous conviction is not a predicate offense for a career-offender enhancement." *Id.* at 600.

Respondent argues that Mr. Pruitt's sentencing in 2015, about a decade after *Booker* forecloses the availability of pursuing relief through Section 2241 under *Hill*. The Sixth Circuit recognizes that this fact alone precludes relief. *Loza-Gracia v. Streeval*, No. 18-5923, 2019 WL 4199908, at *2, 2019 U.S. App. LEXIS 7287, at *4 (6th Cir. Mar. 12, 2019). Petitioner argues that in *Hill* the Sixth Circuit did not strictly adhere to the narrow path it created, such that he should be able to challenge the career-offender enhancement under which he was sentenced. (ECF No. 10, PageID #29.) Be that as it may, strict or liberal application of *Hill* is the prerogative of the Sixth Circuit. Petitioner makes a strong argument that proper application of the Sentencing Guidelines would result in a substantially shorter sentence. Without discounting the potential seriousness of an error in determining the proper guideline range, the Court cannot say that denying relief under both Sections 2255 and 2241 would be a miscarriage of justice in light of all the circumstances because Petitioner does not fit the Sixth Circuit's narrow exception in *Hill*. *See* 836 F.3d at 600.

For these reasons, the Court **DISMISSES** the Petition.

**SO ORDERED.**

3

Dated: September 20, 2021

                                              J. Philip Calabrese
                                              United States District Judge
                                              Northern District of Ohio

4